FIEGER, FIEGER, KENNEY & HARRINGTON • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**UNITED STATES DISTRICT COURT**
**EASTER DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LANETTE R. ZALESKI, as Personal Representative of
the Estate of TEDDY L. HOUSE, Deceased,

  Plaintiff,

v.

JACKSON COUNTY SHERIFF DEPARTMENT,
DEPUTY GERALD D. PRATT, and DEPUTY COLIN
E. BROADWORTH, Jointly and Severally,

  Defendants.

Case No. 16 -  -
Hon.

_____/

GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555
(248) 355-5148 (fax)
tweglarz@fiegerlaw.com

_____/

## COMPLAINT AND JURY DEMAND

There is no other civil action arising out the same transaction or occurrence as alleged in this complaint.

/s/ Todd J. Weglarz

NOW COMES Plaintiff, LANETTE R. ZALESKI, as Personal Representative of the Estate of TEDDY L. HOUSE, by and through his attorneys, Fieger, Fieger, Kenney & Harrington, P.C., and for her Complaint against Defendants, states as follows:

### JURISDICTION AND VENUE

1. That this Court has jurisdiction of this action under the provisions of Title 28 of the United States Code, Sections 1331 and 1343, and also has pendent jurisdiction over all state claims that arise out of the nucleus of operative facts common to Plaintiff's federal claims.

1

FIEGER, FIEGER, KENNEY & HARRINGTON • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

2. That Plaintiff brings this suit against each and every Defendant in both their individual and official capacities.

3. That each and every act of Defendants, as set forth herein, were done by those Defendants under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the State of Michigan, and by virtue of, and under the authority of, each individual Defendant's employment with the State of Michigan.

4. That the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest, and attorney fees.

**GENERAL ALLEGATIONS**

5. Plaintiff hereby restates and re-alleges paragraphs one through five of this Complaint as if fully stated herein.

6. Plaintiff LANETTE R. ZALESKI is the lawful appointed Personal Representative of the Estate of TEDDY L. HOUSE (hereinafter "HOUSE" and / or "Decedent").

7. At all times relevant, Decedent was a resident of Isabella County, State of Michigan, and at the time of his death, was detained at the Jackson County Jail, located in Jackson County, State of Michigan.

8. At all times relevant, Decedent was entitled to all the rights, privileges, and immunities accorded to all U.S. citizens and residents of Jackson County and the State of Michigan.

9. At all times relevant, Plaintiff LANETTE R. ZALESKI was and is a resident of the City of Mt. Pleasant, Isabella County, State of Michigan.

2

10. At all times relevant, Defendant DEP. GERALD PRATT (hereinafter "PRATT"), was acting under color of law as a Deputy / Corrections Officer for the Jackson County Jail located in City of Jackson, Jackson County, State of Michigan.

11. At all times relevant, Defendant DEP. COLIN E. BROADWORTH (hereinafter "BROADWORTH"), was acting under color of law as a Deputy / Corrections Officer for the Jackson County Jail located in the City of Jackson, Jackson County, State of Michigan.

12. At all times relevant, each individual Defendant identified herein was an employee/agent of the Jackson County Sheriff Department and / or Jackson County Jail, engaging in the exercise of a governmental function and conduct within the course, scope and authority of his/her/their employment/agency with the Jackson County Sheriff Department and / or Jackson County Jail.

## FACTUAL ALLEGATIONS

13. Plaintiff hereby restates and re-alleges each and every allegation contained in paragraphs one through twelve (12) as though fully set forth herein.

14. Plaintiff's Decedent, thirty six year old HOUSE, suffered from a mental illness, characterized as psychosis / paranoid personality disorder, and required medication to treat said illness.

15. On or about April 21, 2014, Plaintiff's Decedent was placed in custody at the Jackson County Jail.

16. On or about April 24, 2014, Plaintiff's Decedent began exhibiting symptoms of mental illness, becoming increasingly agitated and complaining of auditory hallucinations.

17. As a result of the above described symptoms, Deputies on staff moved Plaintiff's Decedent to a Control Isolation Cell for observation and medical care; however, Decedent did

3

not receive any medical care and continued to behave in an agitated, erratic manner consistent with his illness.

18. At approximately 11:30 p.m. on April 26, 2014, Defendants PRATT and BROADWORTH entered the cell occupied by Plaintiff's Decedent, stating that Decedent was being disruptive.

19. Plaintiff's Decedent became agitated and began speaking gibberish in the presence of Defendants, at which point Defendant PRATT repeatedly sprayed Decedent with blasts of FOX 5.3 pepper spray.

20. Decedent became incapacitated by the repeated blasts of pepper spray, and Defendants left Decedent alone in his cell, the air in which was consumed with noxious, irritant, pepper spray chemicals.

21. Defendants PRATT and BROADWORTH failed to provide Decedent with a Sudecon Decontamination cleansing wipe so Decedent could wipe away and remove the burning, stinging, noxious, and irritating pepper spray chemicals which coated Decedent's face and skin.

22. Defendants PRATT and BROADWORTH did not seek medical care for Plaintiff's Decedent, only locking him in his pepper spray saturated cell, alone and unmonitored for hours.

23. Sometime after midnight on April 27, 2014, Defendant PRATT alleges he checked on Plaintiff's Decedent, noting that Decedent was lying on the floor, motionless, unresponsive, and facing the wall with his back to the door, with the water allegedly left running in the sink of Decedent's cell.

4

24. Though Plaintiff's Decedent was unresponsive, Defendant PRATT failed to make any inquiry into the Decedent's wellbeing, stating that he believed Decedent was simply ignoring him.

25. At approximately 1:30 a.m. on April 27, 2014, Defendant PRATT again checked on Plaintiff's Decedent, who was still lying in the same position on the floor. Decedent was not breathing, his lips blue, and a clear liquid was observed pooled near his mouth.

26. Defendants PRATT and BROADWORTH began CPR, and 911 was called.

27. When paramedics arrived at the scene, they were overcome with the residual pepper spray chemicals which still saturated Decedent's cell, causing them to cough and have difficulty breathing.

28. The paramedics' resuscitative efforts were to no avail, and Decedent was pronounced at 2:14 a.m.

29. Autopsy results revealed that Decedent's cause of death was "excited delirium complicated by exposure to pepper spray," and that Decedent suffered from lung damage, specifically large areas of recent lung hemorrhage, moderate edema, and the presence of gastric contents in the airways.

30. That as a proximate result of the actions and inactions described herein, Plaintiff's Decedent and the heirs at law to Decedent's estate suffered injuries and damages which include, but are not limited to, the following:

    a. Death;

    b. Reasonable medical, hospital, funeral and burial expenses;

    c. Conscious pain and suffering, physical and emotional;

    d. Compensatory and punitive damages allowed under Michigan and federal law;

5

FIEGER, FIEGER, KENNEY & HARRINGTON • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

    e. Any and all other damages otherwise recoverable under federal law and the Michigan Wrongful Death Act, MCL 600.2922, *et seq.*

## COUNT I

### STATE LAW CLAIMS OF GROSS NEGLIGENCE, AND/OR WANTON AND WILLFUL MISCONDUCT – ALL DEFENDANTS

31. Plaintiff hereby restates and re-alleges each and every allegation contained in paragraphs one through thirty (30) as if fully set forth herein.

32. That each and every Defendant had knowledge of each and every factual allegation set forth above.

33. That in taking custody of Plaintiff's Decedent, Defendants undertook and owed a duty to Decedent to make reasonable efforts to care for him in a reasonable and prudent manner, to exercise due care and caution, and in such operation as the rules of the common law require and in accordance with the customs, policies and procedures of the Jackson County Sheriff's Department and Jackson County Jail.

34. That notwithstanding the aforementioned duties, the aforementioned Defendants took into custody, incarcerated, and monitored Decedent in an extremely careless, grossly negligent, reckless, and wanton and willful manner without concern whatsoever for his safety and welfare, and failed to tend to Decedent's serious medical needs, including, but not limited to, the following particulars by way of illustration and not limitation:

    a. Failing to provide Decedent with appropriate medical care to evaluate and treat his mental, emotional, and / or physical conditions;

    b. Failing to provide Decedent with a Sudecon Decontamination wipe to properly remove the excessive amount of pepper spray from his face and body;

6

c. Failing to remove Decedent from his cell which was saturated with pepper spray chemicals which irritated Decedent's lungs and airways and prevented him from breathing properly;

d. Failing to adequately monitor Decedent following the dousing of Decedent with pepper spray chemicals, knowing he was at risk of harm by having been exposed to pepper spray with several blasts thereof, was not provided with a chemical wipe to remove the spray from his face and body, was continuously exposed to the pepper spray by being forced to remain in his cell saturated with said chemicals;

e. Failing to determine whether Decedent was conscious and breathing following the pepper spray incident;

f. Failing to ensure Decedent was placed on his side to prevent the risk of aspiration;

g. Failing to properly train and supervise the individuals within the aforementioned facility having custodial and/or care giving responsibilities over Decedent to ensure Decedent's serious medical needs were timely and properly tended to, and to ensure the above breaches / deviations were not committed.

35. That the above described actions and/or inactions violated MCLA 691.1407 in that they amounted to gross negligence, specifically conduct so reckless as to demonstrate a substantial disregard for whether an injury resulted, and/or amount to assault and battery, and/or false imprisonment.

36. That as a direct and proximate result of the aforementioned conduct and omissions of Defendants, Plaintiff's Decedent and the heirs-at-law to Decedent's estate suffered the injuries and damages as set forth above.

WHEREFORE, Plaintiff requests that this Honorable Court enter a Judgment in favor of Plaintiff and against Defendants in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus costs, interest and attorney fees.

Fieger, Fieger, Kenney & Harrington • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

c. Failing to remove Decedent from his cell which was saturated with pepper spray chemicals which irritated Decedent's lungs and airways and prevented him from breathing properly;

d. Failing to adequately monitor Decedent following the dousing of Decedent with pepper spray chemicals, knowing he was at risk of harm by having been exposed to pepper spray with several blasts thereof, was not provided with a chemical wipe to remove the spray from his face and body, was continuously exposed to the pepper spray by being forced to remain in his cell saturated with said chemicals;

e. Failing to determine whether Decedent was conscious and breathing following the pepper spray incident;

f. Failing to ensure Decedent was placed on his side to prevent the risk of aspiration;

g. Failing to properly train and supervise the individuals within the aforementioned facility having custodial and/or care giving responsibilities over Decedent to ensure Decedent's serious medical needs were timely and properly tended to, and to ensure the above breaches / deviations were not committed.

35. That the above described actions and/or inactions violated MCLA 691.1407 in that they amounted to gross negligence, specifically conduct so reckless as to demonstrate a substantial disregard for whether an injury resulted, and/or amount to assault and battery, and/or false imprisonment.

36. That as a direct and proximate result of the aforementioned conduct and omissions of Defendants, Plaintiff's Decedent and the heirs-at-law to Decedent's estate suffered the injuries and damages as set forth above.

WHEREFORE, Plaintiff requests that this Honorable Court enter a Judgment in favor of Plaintiff and against Defendants in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus costs, interest and attorney fees.

Fieger, Fieger, Kenney & Harrington • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

# COUNT II

# VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC §1983 - ALL DEFENDANTS

37. Plaintiff hereby restates and re-alleges each and every allegation contained in paragraphs one through thirty - six (36) as if fully set forth herein.

38. That the acts or omissions by all Defendants, as more specifically described above, were unreasonable and performed knowingly, deliberately, indifferently, intentionally, maliciously, and with gross negligence, callousness, and deliberate indifference to Decedent's well-being and serious medical needs.

39. That the Defendants adopted, promulgated, encouraged, condoned, and/or tolerated official customs, policies, practices, and/or procedures, including such for failing to train and/or supervise its employees/agents, were the motivating force for the individuals Defendants' conduct as described herein, such that same also amounted to a deliberate indifference to Decedent's well-being and serious medical needs.

40. That the conduct of all of the Defendants, individually, corporately and as agents of said individual Defendants, deprived Decedent of his clearly established rights, privileges, and immunities guaranteed him under the United States Constitution, specifically those set forth under the 4th, 5th, 8th, and 14th Amendments to same, as evidenced by the following particulars:

   a. Failing to provide Decedent with appropriate medical care to evaluate and treat his mental, emotional, and / or physical conditions;

   b. Failing to provide Decedent with a Sudecon Decontamination wipe to properly remove the excessive amount of pepper spray from his face and body;

   c. Failing to remove Decedent from his cell which was saturated with pepper spray chemicals which irritated Decedent's lungs and airways and prevented him from breathing properly;

  d. Failing to adequately monitor Decedent following the dousing of Decedent with pepper spray chemicals, knowing he was at risk of harm by having been exposed to pepper spray with several blasts thereof, was not provided with a chemical wipe to remove the spray from his face and body, was continuously exposed to the pepper spray by being forced to remain in his cell saturated with said chemicals;

  e. Failing to determine whether Decedent was conscious and breathing following the pepper spray incident;

  f. Failing to ensure Decedent was placed on his side to prevent the risk of aspiration;

  g. Failing to properly train and supervise the individuals within the aforementioned facility having custodial and/or care giving responsibilities over Decedent to ensure Decedent's serious medical needs were timely and properly tended to, and to ensure the above breaches / deviations were not committed.

  41. That the above described conduct of the Defendants, as specifically set forth above, was the proximate cause of Decedent's death, and other injuries and damages as more specifically set forth and described above.

  WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in her favor and against Defendants, jointly and severally, and award an amount in excess of Twenty Five Thousand ($25,000.00) Dollars exclusive of costs, interest, attorney fees, as well as punitive and exemplary damages.

**A JURY TRIAL IS HEREBY DEMANDED**

Respectfully submitted by:

/s/ Todd J. Weglarz
GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI  48075
(248) 355-5555
(248) 355-5148 (fax)
tweglarz@fiegerlaw.com

Dated:   March 4, 2016